CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 16 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

DONALD L. SMITH, )
)  Civil Action No. 5:08CV00044
Plaintiff, )
)
v. )  **MEMORANDUM OPINION**
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )  By: Hon. Glen E. Conrad
)       United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Donald L. Smith, was born on October 5, 1975, and eventually completed his high school education. Mr. Smith has been employed as a painter, cook, correctional officer, construction laborer, warehouse worker, and production worker in the carpet industry. He last worked on a regular and sustained basis in 2005. On September 27, 2005, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Mr. Smith alleged that he became disabled for all forms of substantial gainful employment on July 25, 2005 due to constant pain in the lower back with numbness and weakness in the left side and down the left leg. Plaintiff now maintains that he has remained disabled to the present time. As to his claim for disability

insurance benefits, the record reveals that Mr. Smith met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. § 423.

Mr. Smith's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 22, 2006, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Smith suffers from a severe combination of impairments on the basis of degenerative disc disease and obesity. Because of these problems, the Law Judge ruled that plaintiff is disabled for his past relevant work roles. However, the Law Judge determined that Mr. Smith possesses sufficient functional capacity to perform a limited range of sedentary work activities. Given such a residual functional capacity, and after considering Mr. Smith's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Smith is not disabled, and that he is not entitled to benefits under either federal program. See 20 C.F.R. § 404.1520(g) and 416.920(g). Plaintiff then sought review of his case by the Social Security Administration's Appeals Council. In connection with his request for review, Mr. Smith submitted additional medical evidence. However, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mr. Smith has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered

in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

Mr. Smith suffers from degenerative disc disease with disc herniations in the lumbar spine. He also experiences obesity and radicular symptoms, especially in the left lower extremity. Despite these impairments, the court believes that there is evidence to support the Administrative Law Judge's determination that Mr. Smith retains sufficient functional capacity for a limited range of sedentary exertion. Indeed, the court finds that the Administrative Law Judge undertook an especially thorough and comprehensive review of the medical record. However, as noted above, in connection with his request for review by the Appeals Council, Mr. Smith submitted new medical evidence which was not available for the Law Judge's consideration. The Appeals Council specifically stated that it had considered some of the new medical evidence, but determined that these new reports did not provide any basis for changing the Law Judge's opinion. The Appeals Council declined to consider other new medical exhibits. The court concludes that the Appeals Council's treatment of the later category of new evidence is deficient as a matter of law. The court finds it necessary to remand this case to the Commissioner for consideration of all of the medical evidence which has now been developed in Mr. Smith's case.

Mr. Smith has suffered from back problems for many years. However, his symptoms worsened in 2005, and he began to experience difficulty doing his regular work. Plaintiff's treating physician, Dr. Jason J. Troiano, eventually referred him to Dr. Preston Grice, a pain management

3

specialist. Dr. Grice has seen Mr. Smith on multiple occasions. He has administered epidural steroid injections in an attempt to control Mr. Smith's chronic symptoms. On December 28, 2005, Dr. Grice reported as follows:

> I have been treating Mr. Donald L. Smith for ongoing back pain and lower limb radicular pain since 29 August 2005. Mr. Smith apparently injured his back in February of 1999. Despite this, he has essentially continued to work with significant back issues. MRI of his lumbosacral spine in June 2004 had revealed disk herniations at the L3-4 level as well as the L4-5 level. Essentially, the patient has disk herniations at at least two levels in his back. He also has multilevel degenerative disk disease in his lumbosacral spine as well as congenitally short pedicles, which result in multilevel spinal stenosis. At this time, I do not believe that the patient can perform the type of work that he has been doing. He is principally worked in heavy lifting/manual jobs most of his life. I do not believe that he can return to this type of employment. He is currently being treated by me with pain medication as well as epidural steroid injections. I do not know what the long-term results of these are going to be. Therefore at this point, I believe that the patient should be placed on total disability. Until I know how the patient is going to progress with his condition, I believe he should remain on this for at least approximately three months. Hopefully the treatment that I will provide for him will keep his pain under much better control allowing him to return to some type of employment in the future. Unfortunately, at this time I do not see his returning to the type of work he had been performing. At this time, he needs to be placed on total disability.

(TR 290). Some months later, on October 1, 2006, Dr. Grice submitted a physical capacities assessment, which also indicates that Mr. Smith is disabled.

On appeal to this court, plaintiff argues that the Administrative Law Judge erred in not finding that Dr. Grice's reports establish total disability for all forms of substantial gainful employment. The Administrative Law Judge characterized Dr. Grice's opinion evidence as "internally inconsistent and inconsistent with contemporary treatment notes." (TR 69). While the court does not necessarily believe that Dr. Grice's opinions are inconsistent with his treatment notes, the court must agree that Dr. Grice's opinions are somewhat confusing. For example, in a letter accompanying his physical capacities evaluation, Dr. Grice stated that Mr. Smith might be able to

4

do sedentary exertion, but could not perform a sedentary job without reeducation. (TR 346). Under the governing administrative regulations, the ability to obtain work is not a medical consideration, and the Commissioner may determine that a claimant is not disabled even if the claimant is unable to obtain a job for which he is otherwise physically capable. See 20 C.F.R. §§ 404.1567(c) and 416.967(c). Stated differently, vocational considerations are for the Commissioner, not the doctors. Likewise, in his physical capacities evaluation, Dr. Grice reported both that plaintiff is disabled for all forms of sustained work, and that plaintiff is capable of performing between sedentary and light work activities. (TR 343). In short, the court believes that the Administrative Law Judge might reasonably conclude that Mr. Smith is capable of performing some forms of sedentary work activity, and that Dr. Grice's opinions to the contrary extend into areas outside his expertise.

The medical record also reveals, however, that Mr. Smith continued to see Dr. Grice, and his associates, after the Administrative Law Judge issued his opinion. The more recent evidence indicates that Dr. Grice's nurse practitioner eventually found it necessary to refer Mr. Smith to Dr. Douglas E. DeGood, a psychologist in practice with Dr. Grice. Dr. DeGood submitted a report on March 5, 2007. Dr. DeGood's report is one of several submitted by Mr. Smith to the Social Security Administration's Appeals Council in connection with plaintiff's request for review of the Administrative Law Judge's decision. The psychologist offered diagnostic impressions of adjustment reaction with anxiety and depression, and depressive disorder of moderate intensity.

In its letter adopting the Law Judge's opinion as the final decision of the Commissioner, the Appeals Council commented on the new medical evidence as follows:

> The Appeals Council considered your representative's letter, dated February 6, 2007 (Exhibit AC-1); Dr. D. Preston Grice's reports, dated November 3, 2006 to December 21, 2006 (Exhibit AC-2), and; Augusta Pain Management Center reports dated September 20, 2006 to December 21, 2006 (Exhibit AC-3). We determined

5

that although this evidence is new and relates to the period on or before the date of the Administrative Law Judge's decision, it does not affect the Administrative Law Judge's findings or conclusions.

The Appeals Council did not consider the following reports:

1) Medical records under cover letter dated June 8, 2007 (Augusta Pain Management Center records, dated January 2, 2007 to May 25, 2007; Dr. DeGood Psychology Progress Notes, dated April 18, 2007, and; Dr. Grice's report dated May 17, 2007).

2) Evidence under cover letter dated March 10, 2008 (Dr. Preston Grice's letter, dated March 3, 2008, and a letter, dated January 1, 2008, from Major Gary Lee Long, with the Staunton, VA., Salvation Army Corps).

The Appeals Council did not consider these reports because the Administrative Law Judge decided your case through December 22, 2006. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 22, 2006. The Appeals Council did not consider Dr. Grice's letter dated October 01, 2006 since it is a duplicate of Exhibit 15-F already in file.

(TR 7). Dr. DeGood's report of March 5, 2007 was in the latter group, which was not considered.

The court concludes that the Appeals Council erred in declining to consider Dr. DeGood's psychological report. The Appeals Council must consider evidence submitted with a request for review if the evidence is new, material, and relates to the period on or before the date of the Administrative Law Judge's decision. See Wilkins v. Secretary, Dept. of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991); see also, Bishop v. Barnhart, 78 F. App'x. 265 (4th Cir. 2003). In its letter, the Appeals Council stated that it did not consider Dr. DeGood's report because the "new information is about a later time." (TR 7). Thus, it would seem that the Appeals Council felt that the psychological findings made on March 5, 2007 did not relate back to a time on or before the date of the Law Judge's opinion of December 22, 2006. This determination is simply not supported by the medical record.

6

Dr. DeGood considered plaintiff's emotional manifestations to be related to his chronic back pain. As noted above, Mr. Smith experienced back pain for several years prior to the issuance of the Law Judge's opinion. Moreover, Dr. DeGood was asked to see plaintiff by Dr. Grice's nurse practitioner, who had personally seen and treated Mr. Smith for many months. Indeed, the medical record reflects that the nurse practitioner first referred Mr. Smith to the pain psychologist on February 15, 2006, after noting manifestations of anxiety and depression. (TR 321-22). Perhaps most tellingly, at the time of the administrative hearing on October 3, 2006, Mr. Smith's wife testified that plaintiff's concentration and attention are greatly impaired. (TR 407-08).

In summary, the court believes that the medical record clearly establishes that plaintiff's emotional symptoms date back to the period of time adjudicated by the Administrative Law Judge. To the extent that the Appeals Council refused to consider Dr. DeGood's report because it did not pertain to the period of time under consideration by the Administrative Law Judge, the court concludes that the Appeals Council's disposition is not supported by substantial evidence.

While the Appeals Council did not address the issue of materiality, the court finds the possible interplay of emotional problems in Mr. Smith's medical picture to be an important concern. If plaintiff's emotional problems constituted a severe impairment, or affected plaintiff's ability to perform work activity for which he was otherwise physically capable, it would be necessary for the Commissioner to pose a reformulated hypothetical question to the vocational expert in order to assess plaintiff's capacity to perform alternate work roles existing in significant number in the national economy. See Grant v. Schweiker, 699 F.2d 189 (4th Cir. 1983).

For the reasons stated, the court believes that there is good cause for remand of this case to the Commissioner for consideration of all of the medical evidence now developed in connection with

7

Case 5:08-cv-00044-GEC   Document 14   Filed 01/16/09   Page 7 of 8   Pageid#: 94

Mr. Smith's case. In passing, the court notes that, upon remand, it might be helpful for the Commissioner to receive input from a medical consultant or medical advisor. One of the difficulties in this case is determining the extent to which plaintiff's complaints of disabling pain are consistent with his objective medical findings. The court believes that input from a medical consultant or testimony from a medical advisor would be helpful in considering this issue.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration. An appropriate judgment and order will be entered this day. Upon remand, both sides will be allowed to present additional evidence and argument.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 16th day of January, 2009.

*[signature]*

United States District Judge

8